**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FRANCISCO PAUL VELDEZ GONZALEZ, | : : : : : : : : : : : | Civil No. 12-7679 (RBK) |
| Petitioner, | | |
| v. | | **OPINION** |
| JORDAN R. HOLLINGSWORTH, | | |
| Respondent. | | |

**APPEARANCES**:

Francisco Paul Veldez Gonzalez, #19347-018
FCI Fort Dix
P.O. 2000
Fort Dix, NJ 08640
    Petitioner Pro Se

PAUL J. FISHMAN
United States Attorney
    By:  David Vincent Bober
         Assistant U.S. Attorney
United States Attorney's Office
402 East State Street, Room 430
Trenton, NJ 08608
    Attorneys for Respondent

**KUGLER, District Judge**:

Francisco Paul Veldez Gonzalez, a federal inmate confined at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his imprisonment pursuant to a federal sentence imposed in the United States District Court for the Middle District of Florida. Respondent filed an Answer and the declaration of David Bober, Esq., together with exhibits. Petitioner filed a Reply. Petitioner

further filed a Motion for Emergency Court Order [9].  Having thoroughly reviewed all papers filed by Petitioner, this Court will dismiss the Petition for lack of jurisdiction and dismiss Petitioner's Motion as moot.

### I.   BACKGROUND

Petitioner pled guilty to conspiracy to possess with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of the Maritime Drug Law Enforcement Act, 46 U.S.C. §§ 70503(a)(1), 70506(a), and 70506(b), and 21 U.S.C. § 960(b)(1)(B)(ii).  (See Petition, docket entry no. 1, pg. 1.)  On October 30, 2007, he was sentenced to a 245 month term of imprisonment.  (Id.)

Petitioner is now incarcerated at FCI Fort Dix in New Jersey and signed his § 2241 Petition on December 11, 2012.  He brings this case stating two grounds for relief: "New Circuit Law from same District Court (vi & vii) (11th Cir. ruling ) court has no jurisdiction" and "Illegal Incarceration on Circuit Law – Court had no jurisdiction to sentence."  (Petition, docket entry no. 1, page 6 of 8.)

Petitioner states that on or about October 30, 2007 he was "illegally seized from territorial waters" by the United States Coast guard 20 miles off the coast of Panama.  (Petition, docket entry no. 1, memorandum at pg. 3.)  Petitioner states that the

United States Coast Guard had no jurisdiction in the territorial waters and that the sentencing court did not have jurisdiction to impose any prison sentence.

In his memorandum, Petitioner argues that pursuant to United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012), the sentencing court was without jurisdiction to impose a sentence, and the "act for which Petitioner was convicted is no longer considered to be a crime, and he cannot raise this issue in a § 2255 motion."  (Petition, docket entry no. 1, memorandum at pg. 1.)  In Bellaizac-Hurtado, the Eleventh Circuit held that Congress did not have the authority under the Maritime Drug Law Enforcement Act to proscribe prosecution for drug trafficking occurring in territorial waters.  See Bellaizac-Hurtado, 700 F.3d at 1258.  However, the Eleventh Circuit acknowledged that Congress is empowered to prosecute drug trafficking conduct that took place in international waters.  See id. at 1257 (collecting cases).[1]

Seizing on this key distinction, Respondents argue that Bellaizac-Hurtado does not help Petitioner here because the vessel on which Petitioner was apprehended was stopped in international waters.  Respondents further assert that this Court

---

[1] The matter of United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012), will be discussed in more detail infra.

should dismiss the Petition for lack of jurisdiction.  (See Response, docket entry no. 7.)

## II.  DISCUSSION

Section 2241 of Title 28 of the United States Code provides that the writ of habeas corpus shall not extend to a prisoner unless he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Nevertheless, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255.  See Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because 28 U.S.C. § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy by motion under § 2255 is "inadequate or ineffective to test the legality of his detention."  See 28 U.S.C. § 2255(e);[2] see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir.

---

[2] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus."  Swain v. Pressley, 430 U.S. 372, 381 (1977).  Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus
> [pursuant to 28 U.S.C. § 2241] in behalf of a
> prisoner who is authorized to apply for
> relief by motion pursuant to this section,
> shall not be entertained if it appears that
> the applicant has failed to apply for relief,
> by motion, to the court which sentenced him,

(continued...)

2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, only where the petitioner demonstrates that he "had no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Dorsainvil, 119 F.3d at 251). For example, in Dorsainvil, the Third Circuit held that § 2255 was inadequate or ineffective for Dorsainvil's claim that he was imprisoned for conduct that the Supreme Court ruled in Bailey v. United States, 516 U.S. 137 (1995), was not a crime, where the Supreme Court issued Bailey after Dorsainvil's § 2255 motion was denied on the merits and after the Third Circuit ruled that Dorsainvil could not meet either of the gatekeeping requirements under 28 U.S.C. § 2255(h) to authorize the filing of a second or

---

[2](...continued)
    or that such court has denied him relief,
    unless it also appears that the remedy by
    motion is inadequate or ineffective to test
    the legality of his detention.

28 U.S.C. § 2255(e).

successive § 2255 motion.[3]  See Dorsainvil, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent").

Here, Petitioner claims that he is imprisoned for conduct that the Eleventh Circuit (the circuit wherein he was convicted) deemed non-criminal in United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012), a ruling issued after his conviction became final and the time to file a § 2255 motion expired.  In Bellaizac-Hurtado, the Eleventh Circuit reversed convictions under the Maritime Drug Law Enforcement Act, 46 U.S.C. 70501, et seq., on direct appeal on the ground that Congress lacked "the power under the Offences Clause to proscribe drug trafficking in the territorial waters of another nation."[4]  Id. at 1249.

---

[3] Section 2255(h) provides that a second or successive § 2255 motion must be certified by a panel of the appropriate court of appeals to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional laws, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(1) and (2).

[4] The United States argued that the Maritime Drug Law Enforcement Act, as applied to defendants who were drug trafficking in the territorial waters of another nation, is a
(continued...)

In this case, the holding of Bellaizac-Hurtado does not render Petitioner's conduct non-criminal because, here, Petitioner was convicted of drug trafficking in international waters, not in the territorial waters of another nation.

The United States recognizes a territorial sea of 12 nautical miles. See Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 441 n.8 (1989) ("On December 28, 1988, the President announced that the United States would henceforth recognize a territorial sea of 12 nautical miles"); 1982 United Nations Convention on the Law of the Sea, Dec. 10, 1982, 1833 U.N.T.S. 3, art. 3 (entered into force Nov. 16, 1994) (Territorial waters are the coastal waters extending seaward at most for four leagues or twelve nautical miles from the baseline of a nation, and the high seas is the entire body of waters stretching seaward of the nation's territorial waters).

In his Petition, Petitioner asserts that he was seized 20 miles off the coast of Panama. (Petition, docket entry no. 1, memorandum at pg. 3.) Moreover, at Petitioner's plea hearing, the Government offered facts related to the location of Petitioner's vessel, specifically stating that the vessel was located in "international waters off the coast of Panama in the

---

[4](...continued)
constitutional exercise of the power granted to Congress "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const., Art. I, §8, cl.10. See Bellaizac-Hurtado, 700 F.3d at 1248.

Eastern Pacific Ocean." (Response, docket entry no. 7, pg. 8.; see also Exhibit A, Transcript of Guilty Plea, docket entry no. 7-2, pg. 22 of 47.) Petitioner thereafter pled guilty without challenging the Government's assertion regarding the location of the vessel. (Response, docket entry no. 7, pg. 8.; see also Exhibit A, Transcript of Guilty Plea, docket entry no. 7-2, pg. 25 of 47.) Thus, the vessel on which Petitioner was apprehended was in international waters lying beyond the recognized 12 mile territorial limit.

Therefore, this is not a case where subsequent jurisprudence has rendered defendant's conduct non-criminal under United States law. In addition, unlike Dorsainvil, Petitioner did not raise or attempt to raise his Bellaizac-Hurtado challenge in a § 2255 motion in the Middle District of Florida. Accordingly, this Court finds that § 2255 is not an inadequate or ineffective remedy for Petitioner's claim and will dismiss the Petition for lack of jurisdiction.

For all the foregoing reasons, the Petition will be dismissed for lack of jurisdiction. See Castillo v. Hollingsworth, Civil No. 12-7831, 2013 WL 1288196 (D.N.J. Mar. 26, 2013) (collecting cases).

### III. CONCLUSION

    The Court dismisses the Petition for lack of jurisdiction. Petitioner's Motion for Emergency Court Order [9] will be DENIED as moot.  An appropriate order follows.

<u>s/Robert B. Kugler</u><br>
Robert B. Kugler<br>
United States District Judge

Dated:   <u>  May 24  </u>, 2013