UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANCISCO PAUL VELDEZ GONZALEZ,

    Petitioner,

v.

JORDAN R. HOLLINGSWORTH,

    Respondent.

Civ. No. 12-7679 (RBK)

OPINION

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

This court dismissed petitioner's habeas petition filed pursuant to 28 U.S.C. § 2241 in an Opinion and Order entered May 30, 2013. (*See* Dkt. Nos. 10 & 11.) On June 12, 2013, petitioner filed a motion for reconsideration. (*See* Dkt. No. 12.)

In order to entertain petitioner's motion for reconsideration, the Court will have the Clerk reopen the case. For the reasons stated below, the motion for reconsideration will be denied and the Clerk will be ordered to re-close the case.

## II. BACKGROUND

The Court will only briefly recite the facts as a detailed recital of the facts was provided in the Court's May 30, 2013 Opinion. Petitioner pled guilty to conspiracy to possess with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of the Maritime Drug Law Enforcement Act, 46 U.S.C. §§ 70503(a)(1), 70506(a), and 70506(b), and 21 U.S.C. § 960(b)(1)(B)(ii). Petitioner received a sentence of 245 months imprisonment.

Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241 in which he argued that new Circuit law from the Eleventh Circuit showed that the sentencing court had no jurisdiction over him. More specifically, petitioner stated that he was illegally seized in the territorial waters by the United States Coast Guard while he was twenty miles off of the coast of Panama. Petitioner relied on the Eleventh Circuit decision in *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012) to support his petition. As this Court noted in its prior opinion:

> In *Bellaizac-Hurtado*, the Eleventh Circuit held that Congress did not have the authority under the Maritime Drug Law Enforcement Act to proscribe prosecution for drug trafficking in territorial waters. *See Bellaizac-Hurtado*, 700 F.3d at 1258. However, the Eleventh Circuit acknowledged that Congress is empowered to prosecute drug trafficking conduct that took place in international waters. *See id.* (collecting cases).

*Gonzalez v. Hollingsworth*, No. 12-7679, 2013 WL 2394984, at *1 (D.N.J. May 30, 2013).

Ultimately, this Court dismissed the habeas petition due to a lack of jurisdiction. The Court determined that *Bellaizac-Hurtado* did not apply to petitioner's case because he was convicted of drug trafficking in international waters, as opposed to the territorial waters of another nation. *See id.* at *3. Accordingly, Petitioner had failed to demonstrate that he had no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application. *See id.* at *3. Therefore, the Court found that 28 U.S.C. § 2255 was not an inadequate or ineffective remedy for petitioner to raise his claims.

### III. ANALYSIS

Local Civil Rule 7.1(i) allows a party to seek reconsideration by the Court of matters which the party believes the judge has "overlooked." *See Carney v. Pennsauken Twp. Police Dep't*, No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted). "The

standard for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski*, No. 10-5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)). To be successful on a motion for reconsideration, a petitioner has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted); *see also Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004).

Petitioner states in his motion for reconsideration that the Court overlooked that petitioner was arguing that the United States Coast Guard lacked jurisdiction in both territorial *and* international waters. The Court noted in its prior opinion that this was not a case where subsequent jurisprudence rendered defendant's conduct non-criminal under United States law. Indeed, the Court specifically distinguished *Bellaizac-Hurtado* because petitioner was picked up in international waters. To the extent that petitioner's supplemental brief to the Court indicated a claim that the Coast Guard lacked jurisdiction even in international waters, petitioner still has not shown that § 2255 was an inadequate or ineffective remedy. Indeed, petitioner fails to cite to subsequent jurisprudence that would render his conduct non-criminal with respect to this argument. Accordingly, the petition was properly dismissed due to a lack of jurisdiction Petitioner has failed to satisfy his burden to warrant granting the motion for reconsideration.[1]

---

[1] The Court also previously denied petitioner's motion for a court order as moot in light of the dismissal of the habeas petition for lack of jurisdiction. To the extent that petitioner seeks reconsideration of that denial, petitioner fails to satisfy his burden to warrant granting his motion reconsideration of that denial. As explained above, the Court properly dismissed his habeas petition due to a lack of prejudice. Accordingly, his motion for a court order was also properly denied as moot.

Finally, the Court notes that petitioner has requested a certificate of appealability. (*See* Dkt. No. 12 at p. 3.) However, a certificate of appealability is unnecessary in a § 2241 case. *See Day v. Nash*, 191 F. App'x 137, 139 (3d Cir. 2006) (per curiam).

## IV. CONCLUSION

For the foregoing reasons, petitioner's motion for reconsideration will be denied. An appropriate order will be entered.

DATED: 9/26/13

ROBERT B. KUGLER
United States District Judge